# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**MATTHEW LEDERER**                                                                   **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. _____**

**UNITED AIRLINES, INC.**                                              **DEFENDANT**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant, United Airlines, Inc. ("United Airlines" or the "Defendant"), files this notice for the removal of this action from the General Sessions Court of Davidson County, Tennessee. United Airlines submits this Notice in support of removal. Removal is based on jurisdiction conferred by 28 U.S.C. §§ 1331, 1441, and 1446 because there is federal question jurisdiction. United Airlines respectfully shows as follows:

1. On or about October 16, 2025, Plaintiff, Matthew Lederer (the "Plaintiff"), filed his Civil Warrant (the "Complaint"), bearing Case No. 25gc18398, in the General Sessions Court of Davidson County, Tennessee (the "State Court Action"). A true and correct copy of the Complaint and other pleadings from the State Court Action are attached hereto as Exhibit "1."

2. The Complaint does not contain factual allegations. *See id.* However, the Plaintiff's demand letter to United Airlines outlines the facts that support his cause of action of negligence against United Airlines. A true and correct copy of the Declaration of Thomas D. Campuzano and attachments thereto are attached hereto as Exhibit "2."

3. This Court has subject matter jurisdiction over this matter based upon federal question jurisdiction. Removal is appropriate because the Plaintiff states claims regarding federal or international treaties and violations of the Constitution of the United States of America as well as claims that are preempted by the Montreal Convention.

4. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

5. Plaintiff omits from his Complaint any factual allegations to support the claims. *See* Exhibit "1."[1] United Airlines has filed a Declaration in support of this removal that contains the known factual allegations by the Plaintiff. *See* Exhibit "2." The Plaintiff's allegations against United Airlines relate to roundtrip, international air travel from Nashville, Tennessee to Athens, Greece, starting on June 28, 2025. *Id.* The Plaintiff's only discernable claim is a state law claim for negligence based on allegations of delays in carriage on international flights and allegations of incorrect booking on the same international flights. *Id.*

6. Based upon the allegations in the Plaintiff's Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S.C. §

---

[1] The "well-pleaded complaint rule" requires that the federal question be apparent on the face of the plaintiff's properly pleaded complaint. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). As an "independent corollary of the well-pleaded complaint rule . . . a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983); *City of Warren v. City of Detroit*, 495 F.3d 282, 287 (6th Cir. 2007). "Under the artful pleading doctrine, removal is not defeated by the plaintiff's omission to plead necessary federal questions." *State ex rel. Skaggs v. Brunner*, 588 F. Supp. 2d 819, 825 (S.D. Ohio 2008). Therefore, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *City of Warren v. City of Detroit*, 495 F.3d 282, 287 (6th Cir. 2007). The artful pleading doctrine allows "the removal court . . . [to] look beyond the plaintiff's complaint to other materials in order to determine whether the real nature of the claim is federal regardless of plaintiff's characterization." *McClure Tel. Co. v. AT&T Communs. of Ohio, Inc.*, 650 F. Supp. 2d 699, 705 (N.D. Ohio 2009) (permitting declarations in support of removal jurisdiction); *see Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 n.7 (6th Cir. 2015); *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008) (allowing "a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question"); *Arnold v. Slatery*, No. 3:18-cv-00280, 2019 U.S. Dist. LEXIS 67932, at *6 (M.D. Tenn. Feb. 14, 2019); *U.S. Bank Nat'l Ass'n v. Tyree*, No. 17-2490-JTF-dkv, 2017 U.S. Dist. LEXIS 172487, at *6 (W.D. Tenn. Sep. 25, 2017).

1331, and the action may be removed pursuant to 28 U.S.C. § 1441. Specifically, Plaintiff's negligence claim is completely preempted by federal law, specifically a federal treaty.

7. The international transportation that is the subject of the Plaintiff's claims is exclusively governed by and completely preempted by an international treaty called the Montreal Convention. Convention for the Unification of Certain Rules for International Carriage by Air, May 29, 1999, S. Treaty Doc. 106-45, 1999 WL 33292734. The Montreal Convention "'applies to all international carriage of persons, baggage or cargo performed by aircraft for reward' and 'preempts all federal or state-law claims falling within its scope.'" *Atia v. Delta Airlines, Inc.*, 692 F. Supp. 2d 693, 699 (E.D. Ky. 2010) (quoting Montreal Convention, art. 1(1)). The Montreal Convention contains an exclusivity provision that makes the Convention the exclusive remedy for any claim for damages arising from the carriage of international passengers (as the present case) – whether in contract or in tort or otherwise – and also precludes alternative causes of action. Montreal Convention, Article 29. *See El Al Isreal Airlines, Ltd v. Tsui Yuan Tseng*, 525 U.S. 155, 174 (1999) (Warsaw "Convention's preemptive effect is clear"); *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006); *Atia*, 692 F. Supp. 2d at 699 ("The Montreal Convention, which became effective on November 4, 2003, is the successor of the Warsaw Convention"); *Byrd v. Comair, Inc.* (*In re Air Crash at Lexington*, Ky., 501 F. Supp. 2d 902, 908 (E.D. Ky. 2007) ("The plain language of each convention includes within its scope a round-trip ticket from the United States with an agreed stopping place within another state, even if that state is not a signatory to the convention").

8. The Plaintiff's claims involve international air travel from the United States to Athens, Greece and both countries are signatories to the Montreal Convention. Also, the claims in his Complaint are based on negligence due to delay and for "[d]amages as a result of ticketing

mismanagement" which falls within the scope of the Montreal Convention. *See* Exhibit "1" and Exhibit "2."[2] *See also*, Montreal Convention, Articles 17, 19 and 22. Regardless of how the Plaintiff's claims are stated, this Court has jurisdiction under 28 U.S.C. § 1331. *See Doe v. Etihad Airways, P.J.S.C.*, 870 F.3d 406, 411 (6th Cir. 2017)("The parties agree that Article 17(1) of the Montreal Convention, a multilateral treaty to which the United States is a signatory, provides Plaintiff's only avenue for recovery against Etihad. More than 125 countries, including the United Arab Emirates, have signed, ratified, or acceded to the Montreal Convention since 1999.") Accordingly, the state law negligence claim pled by the Plaintiff arises under federal law and supports federal question jurisdiction.

9. This Court has supplemental jurisdiction over all other claims in accordance with 28 U.S.C. §§ 1367 & 1441.

## TIMELINESS

10. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the filing of this action. 28 U.S.C. § 1446(b)(2). The Complaint in the matter was filed on or about October 16, 2025. *See* Exhibit "1." United Airlines was served with process on October 20, 2025. *Id.* Thus, the removal of this matter is timely pursuant to 28 U.S.C. § 1446.

---

[2] *See McCubbins v. United Airlines, Inc.*, 227 F. Supp. 3d 654 (S.D. Miss. 2016) ("By its plain language, Article 19 [of the Montreal Convention] governs only claims for delay. Whether a claim arises from delay such that it is covered under Article 19 largely depends on the specific facts underlying the claim. But generally speaking, the cases consider 'delay' under Article 19 to mean that the air carrier properly delivered persons to the appropriate destination but it did so in an untimely manner.") (citing *Hebert v. Am. Airlines, Inc.*, 2016 WL 3517795, *3 (E.D. La. June 27, 2016)); *Lee v. AMR Corp.*, No. 15-2666, 2015 WL 3797330, at *8 (E.D. Pa. June 18, 2015) ("By its express terms, Article 19 establishes liability under the Montreal Convention for certain delays in travel…").

## NO WAIVER OF DEFENSES BY REMOVAL

11. By filing this Notice of Removal, United Airlines does not waive its rights to object to service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses. Additionally, United Airlines expressly reserves any right to have the claims asserted herein resolved solely through arbitration, if applicable.

## VENUE

12. Venue for removal is proper in this district and division, the United States District Court for the Middle District of Tennessee, Nashville Division, under 28 U.S.C. § 1441(a) because this district and division embraces the General Sessions Court of Davidson County, Tennessee, the forum in which the removed action was pending.

## NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of the General Sessions Court of Davidson County, Tennessee.

14. Likewise, a copy of this Notice of Removal is being sent to the Plaintiff's counsel listed in the Complaint.

## CONCLUSION

For the reasons described above, United Airlines, Inc. respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

THIS, the 19th day of November, 2025.

Respectfully submitted,

**UNITED AIRLINES, INC.**

By: *s/ Keith C. Dennen*
      KEITH C. DENNEN

**OF COUNSEL:**

Keith C. Dennen (BPR No. 12618)
PHELPS DUNBAR, LLP
414 Union Street, Suite 1105
Nashville, Tennessee 37219
Phone: (615) 726-1200
Fax: (615) 726-1776
Email: keith.dennen@phelps.com

and

John T. Rouse (BPR No. 23861)
PHELPS DUNBAR, LLP
1905 Community Bank Way, Ste. 200
Flowood, Mississippi 391232
Phone: (601) 360-9316 | Fax: (601) 360-9777
Email: john.rouse@phelps.com
*Attorneys for United Airlines, Inc.*

## LIST OF ALL COUNSEL OF RECORD

For Plaintiff:	David L. Johnson, Esq.
Blake M. Morain, Esq.
Butler Snow LLP
Neuhoff Building
1320 Adams Street, Suite 1400
Nashville, TN 37208
David.Johnson@butlersnow.com
Blake.Morain@butlersnow.com

*Attorneys for:*

Matthew Lederer
109 Pembroke Avenue
Nashville, TN 37205

For Defendant:	Keith C. Dennen (BPR No. 12618)
PHELPS DUNBAR, LLP
414 Union Street, Suite 1105
Nashville, Tennessee 37219
Phone: (615) 726-1200
Fax: (615) 726-1776
Email: keith.dennen@phelps.com

John T. Rouse (BPR No. 23861)
PHELPS DUNBAR, LLP
1905 Community Bank Way, Ste. 200
Flowood, Mississippi 391232
Phone: (601) 360-9316 | Fax: (601) 360-9777
Email: john.rouse@phelps.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit "1"	Copy of Civil Warrant filed in the General Sessions Court of Davidson County, Tennessee as Case No. 25GC18398 and other pleadings/docket entries.

Exhibit "2"	Declaration of Thomas D. Campuzano

**CERTIFICATE OF SERVICE**

I, Keith C. Dennen of Phelps Dunbar LLP, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I have served via U.S. Mail, postage prepaid, and/or via email, a true and correct copy of the foregoing to:

> David L. Johnson, Esq.
> Blake M. Morain, Esq.
> Butler Snow LLP
> Neuhoff Building
> 1320 Adams Street, Suite 1400
> Nashville, TN 37208
> David.Johnson@butlersnow.com
> Blake.Morain@butlersnow.com

THIS, the 19th day of November, 2025.

*s/ Keith C. Dennen*
Keith C. Dennen

PD.56337880.3